IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MATTHEW STEELE,<br><br>Petitioner,<br><br>v.<br><br>CENTRAL UTAH CORRECTIONAL FACILITY WARDEN,<br><br>Respondent. | **MEMORANDUM DECISION &**<br>**ORDER DISMISSING § 2254 PETITION**<br><br>Case No. 2:17-CV-956-TC<br><br>District Judge Tena Campbell |

Petitioner, Matthew Steele, petitions for federal habeas relief regarding his Utah state conviction. *See* 28 U.S.C.S. § 2254 (2020).[1] Having carefully considered relevant documents and law, the Court concludes that Petitioner's petition is inexcusably untimely. *See* 28 *id*. § 2244(d)(1). The petition is therefore dismissed with prejudice.

**TIMELINE**

• 3/10/14 – Petitioner sentenced on stalking conviction. (ECF No. 6-1, at 2 (labeled state dist. ct. case no. 131700131).)

• 2/13/15 – Filing of first state petition for post-conviction relief. (ECF Nos. 11-10; 11-14 (labeled state dist. ct. case no. 150700002).)

• 3/2/16 – Dismissal of first post-conviction-relief petition. (ECF Nos. 11-10, 11-11 (labeled state dist. ct. case no. 150700002).)

• 10/28/16 – Filing of second state petition for post-conviction relief. (ECF Nos. 11-13; 11-14 (labeled case no. 160700031).)

---

[1] Section 2254 reads in pertinent part:
> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.S. 2254(a) (2020).

• 10/31/16 – Filing in Utah Court of Appeals of Petitioner's state petition for extraordinary writ. (ECF No. 6-1, at 6 (labeled case no. 20160890-CA).)

• 11/1/16 – Denial by Utah Court of Appeals of petition for extraordinary relief. (ECF Nos. 11-13; 11-15 (labeled case no. 20160890-CA, regarding state dist. ct. case no. 160700031).)

• 11/2/16 – Dismissal of second petition for post-conviction relief. (ECF Nos. 11-13; 11-14, at 2 (labeled case no. 160700031.)

• 11/18/16 – Postmark on Petitioner's notice of appeal (of criminal conviction) filed in Utah district court. (ECF No. 11-7 (labeled state dist. ct. case no. 131700131 and app. case no. 20160986).)

• 11/28/16 – Filing of notice of appeal regarding dismissal of first state post-conviction petition (district court case no. 150700002). (ECF No. 11-10.)

• 2/6/17 – Filing of Utah Court of Appeals' Order of Summary Dismissal (regarding dismissal of first state post-conviction petition), stating, "Because the notice of appeal was not timely filed under rule 4(a), this court lacks jurisdiction to consider this appeal." (*Id*. at 8; ECF No. 11-12 (labeled case no. 20160985-CA, regarding state dist. ct. case no. 150700002).)

• 2/7/17 – Filing of Utah Court of Appeals' Order of Summary Dismissal (regarding notice of appeal of criminal conviction), stating, "The notice of appeal was not timely filed. Accordingly, this court lacks jurisdiction over the appeal." (ECF No. 11-8 (labeled case no. 20160986).)

• 5/19/17 – Filing of Utah Supreme Court's Order denying petition for writ of certiorari regarding court of appeals' summary-dismissal order (as to notice of appeal of criminal conviction). (ECF No. 6-1, at 5, 10 (labeled state dist. ct. case no. 131700131; Utah Court of Appeals case no. 20160986-CA; Utah Supreme Court case no. 20170280-SC).)

• 10/30/17 – Filing of current federal petition. (ECF No. 6.)

## ANALYSIS

Federal law imposes "a 1-year period of limitation . . . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 *id.* § 2244(d)(1). The period generally runs from the day "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

Utah requires a notice of appeal to be filed "within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). "Failure to timely file an appeal … constitutes a waiver of the right to appeal." *State v. Houskeeper*, 2002 UT 118, ¶ 23.

Petitioner's judgment was entered March 10, 2014. (ECF No. 6-1, at 2.) The last to file a timely notice of appeal was thirty days later--April 9, 2014. When he did not file a notice of appeal, Petitioner's conviction became final. The federal one-year limitation period began running on that date and expired April 9, 2015. Petitioner filed his petition here on October 30, 2017, more than eighteen months later. (*Id*.)

## A.  Statutory Tolling

By statute, the one-year period may be tolled while a state post-conviction petition is pending. *See* 28 U.S.C.S. § 2244(d)(2) (2020). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* However, a "state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (citation omitted); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (same).

Just for this Order, it is assumed that Petitioner's state post-conviction submissions were "properly filed." Thus, on February 13, 2015, when Petitioner filed his first state petition for post-conviction relief, (ECF No. 11-10), the limitation period stopped running and tolled at 310 days, with 55 days left. The petition was dismissed on March 2, 2016. Petitioner did not timely file a notice of appeal, (ECF No. 11-10), so the limitation period began running again on April 1, 2016, expiring May 26, 2016 (55 days later). A second state post-conviction petition was filed on

October 28, 2016, (ECF No. 11-13), but was ineligible to toll the already-expired limitation period. No further state filings after May 26, 2016 qualified to toll the period.

## B.  Equitable Tolling

So, Petitioner has no ground for statutory tolling. He does, however, possibly offer arguments for equitable tolling. He suggests, for instance, that he was not knowledgeable about the appeals and habeas-corpus processes and lacked legal resources.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley v. McKune*, 133 F. App'x 479, 480 (10th Cir. 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)). And, Petitioner "has the burden" of showing equitable tolling applies. *Lovato v. Suthers,* 42 F. App'x 400, 402 (10th Cir. 2002) (unpublished).

### 1. Actual Innocence

"[T]o claim actual innocence a petitioner must present new, reliable evidence that was not presented at [or available for] trial. Such evidence typically consists of 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Rose v. Newton-Embry*, 194 F. App'x 500, 502 (10th Cir. 2006) (unpublished) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Further, this evidence must "affirmatively demonstrate . . . innocence," not just "undermine the finding of guilt." *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (1993). After presenting

such evidence, a petitioner must then "show that in light of the new evidence, 'no reasonable juror would have found the defendant guilty.'" *See Rose*, 194 F. App'x at 502 (quoting *Schlup*, 513 U.S. at 329). Such evidence is so very rare, though, that "in virtually every case, the allegation of actual innocence has been summarily rejected." *Schlup*, 513 U.S. at 324.

Petitioner has suggested no such evidence, so this ground is inapplicable.

## 2. Extraordinary Circumstances

Petitioner generally fails to spell out how any circumstances affected his ability to bring his petition earlier. *Johnson v. Jones*, 274 F. App'x 703, 705 (10th Cir. 2008). For instance, he has not specified how, between April 9, 2014 and February 13, 2015, and April 1 and May 26, 2016, he was continually and thoroughly thwarted by uncontrollable circumstances from filing. Nor has he detailed who and what would not allow him to file some kind of petition. He also does not hint what continued to keep him from filing in the 522 days beyond the limitation period or how extraordinary circumstances eased to allow him to file this habeas-corpus petition on October 30, 2017. Such vagueness is fatal to his contention that extraordinary circumstances kept him from timely filing.

Still, Petitioner possibly alludes to his lateness as excusable because he lacked legal resources and knowledge and help from an attorney. However, the argument that a prisoner "had inadequate law library facilities" does not support equitable tolling. *McCarley v. Ward*, 143 F. App'x 913, 914 (10th Cir. 2005). It is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).). Finally, simply put, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'"

*Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) (2020) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). It follows that any contention that an attorney's lack of help thwarted habeas filings does not toll the period of limitation. *See, e.g., Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

Petitioner has not met his burden of showing that he is actually innocent or--during the running of the federal period of limitation and well beyond--he faced extraordinary circumstances that stopped him from timely filing or that he took specific steps to "'diligently pursue his federal claims.'" *Id.* at 930. Petitioner thus has not shown equitable tolling applies.

## CONCLUSION

Petitioner unjustifiably delayed filing his petition until October 30, 2017--522 days past the limitation period's expiration.

**IT IS ORDERED** that the petition is **DENIED**. (ECF No. 6.)

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 1st day of September, 2020.

BY THE COURT:

_____
JUDGE TENA CAMPBELL
United States District Court